**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SCOTT LEWIS RENDELMAN,**<br>**#24628-037,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No. 21-cv-00398-JPG** |
| | ) |
| **DAN SPROUL** | ) |
| **and MELISSA WINN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner Scott Lewis Rendelman, an inmate in the custody of the Federal Bureau of Prisons (BOP) who is currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion), filed a Petition for Writ of Mandamus in the Circuit Court of the First Judicial Circuit in Williamson County, Illinois. *Rendelman v. Sproul, et al.*, Case No. 20-MR-135. Rendelman claims that he was assessed filing fees pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, in at least five actions he filed in federal court. (Doc. 1-1). When judgment was entered in each case between 2008 and 2011, these unpaid fees allegedly became liens on his inmate trust fund account. (*Id.*). Rendelman maintains that the liens have since expired under Illinois state law and pursuant to the "federal enclave rule" discussed in more detail below. (*Id.*). He seeks an order requiring Dan Sproul (USP-Marion's warden) and Melissa Winn (USP-Marion's trust fund officer) to remove the liens on his inmate account. (*Id.* at 4).

On April 20, 2021, Defendants removed the case to this federal judicial district under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Doc. 1). Section 1442(a)(1) applies to officers of the United States who are sued in their official or individual capacity for acts under

1

color of such office.  (*See* Doc. 1, ¶ 5) (citing § 1442(a)(1)).  Rendelman made no objection to removal, and this Court finds that it was proper.  Defendants also filed a motion to dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and Rendelman made no objection to the motion.  (Doc. 6).

The Petition for Writ of Mandamus is subject to preliminary review under 28 U.S.C. § 1915A, and the motion to dismiss shall be taken into consideration.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Petition

The following allegations are set forth in the Petition for Writ of Mandamus: Rendelman claims that he is entitled to relief from liens arising from unpaid filing fees assessed pursuant to the Prison Litigation Reform Act (PLRA) in five separate actions brought in federal court.[1] (Doc. 1-1, p. 3).  Judgment was entered in each case between 2008 and 2011.  (*Id.*).  Rendelman asserts that the liens expired after a certain period of time, which he believes ranges from seven to eleven years under Illinois law.  (*Id.*).  He invokes the "federal enclave rule" in support of his request for relief from these expired liens.  (*Id.*).  According to Rendelman, the federal enclave rule allows the court to apply state law where federal law is silent on an issue.  (*Id.*).  Although Rendelman is unable to point to the exact source of authority supporting his position, he asks the

---

[1] He specifically seeks relief from unpaid filing fee balances totaling $1,949.50 in the following matters: Reference Nos. IMARD005 ($345.50); IMARD006 ($451.00); KMARD032 ($348.00); LMARD005 ($350.00); and LMARD016 ($455.00).  (Doc. 1-1, p. 3).

Court to enter an order compelling the warden and trust fund officer to remove all expired liens from his inmate account.  (*Id*.).

## Discussion

The Petition for Writ of Mandamus does not survive screening under 28  U.S.C. § 1915A. Rendelman sets forth no allegations addressing the state court's jurisdiction to issue a writ of mandamus against the federal officials named as defendants.  (*See* Doc. 1-1, pp. 2-4).  Although he filed the petition in state court, state courts have no jurisdiction to direct a writ of mandamus against a federal officer.  *See, e.g., McClung v. Silliman*, 19 U.S. 598 (1821). *See also* 52 Am. Jur. 2d, *State and Fed'l Court Jurisdiction Over State and Fed'l Officers*, § 8 (2021) (citing *Ex parte Bradstreet*, 31 U.S. 774 (1832); *Armand v. Schmoll, Inc. v. Fed'l Reserve Bank of New York*, 286 N.Y. 503, 37 N.E.2d 225, 138 A.L.R. 1187 (1941); *Cozine v. Crabtree*, 15 F. Supp. 2d 997 (D. Or. 1998) ("State courts have no power to mandamus federal officials")).  The Illinois state court lacked jurisdiction to issue a writ of mandamus directing the warden and trust fund officer at USP-Marion to remove liens on Rendelman's inmate account.

This, in turn, creates a procedural defect in removal under the doctrine of derivative jurisdiction.  Defendants cite this doctrine in their motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on May 14, 2021.  (Doc. 6) (citing *Ricci v. Salzman*, 976 F.3d 768 (7th Cir. 2020)).  Traditionally, the doctrine of derivative jurisdiction provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction had suit originated there." *Ricci*, 976 F.3d at 771.  Put differently, the federal court only acquires the jurisdiction held by the state court when the case was removed.  *Id*.  The Seventh Circuit has since clarified that the

3

doctrine "is best understood as a procedural bar to the exercise of federal judicial power." *Id*. (citation and quotation omitted).

In this particular matter, the Illinois state court had no jurisdiction to direct a writ of mandamus at federal officers. (Doc. 6, p. 3). The doctrine of derivate jurisdiction, in turn, operates as a mandatory procedural bar to this federal court's exercise of judicial authority. *Id*. The bar cannot be sidestepped by allowing Rendelman to amend the petition and properly invoke federal mandamus jurisdiction because the doctrine operates as a mandatory bar to the court's exercise of federal jurisdiction. *Ricci*, 976 F.3d at 773. "When the derivative jurisdiction doctrine is timely raised, . . . it properly results in dismissal without prejudice." *Id*. Defendants timely invoked the doctrine here, so the petition shall be dismissed without prejudice.[2]

Moreover, the Court finds no basis for granting relief under the "federal enclave rule" mentioned by Rendelman. (Doc. 1-1, pp. 2-4). According to Rendelman, this rule applies state law in the absence of any federal law on a particular issue. (*Id*.). He asserts that "Illinois Code" provides for extinguishment of the liens on his account after a period of time ranging from seven to eleven years. (*Id*. at 3). Rendelman cannot point to any state law in support of this position, but he insists that state law governs this matter by application of the "federal enclave rule." (*Id*.).

This Court is aware of no federal enclave rule. Rendelman may be referring to the United States Constitution's Enclave Clause, *see* U.S. CONST. Art. I, § 8, cl. 17, which has given rise to the "federal enclave doctrine." *See* 29 HOFSTRA LAB. & EMP. L.J. 73 (Fall 2011). The federal enclave doctrine renders certain state and common law claims inapplicable within areas of land ceded by a state to the federal government (*e.g.*, military bases, national parks, post offices, and federal courthouses). *Id*. However, that doctrine is inapplicable here.

---

[2] Having reached this conclusion, the Court declines to address Defendants' sovereign immunity argument.

Based on the foregoing discussion, the Court shall dismiss the petition for writ of mandamus without prejudice and without leave to amend. *See Ricci v. Salzman*, 976 F.3d 768 (7th Cir. 2020) (plaintiff cannot bypass derivative jurisdiction bar by filing amended complaint that properly invokes federal jurisdiction). Rendelman may file a new case, if he wishes to do so.

### Disposition

**IT IS ORDERED** that the Petition for Writ of Mandamus (Doc. 1-1) is **DISMISSED** without prejudice, and the pending Motion to Dismiss (Doc. 6) is **GRANTED.**

If Rendelman wishes to appeal this Order, he may file a notice of appeal with this Court within sixty days of the entry of judgment. FED. R. APP. 4(a)(1)(B). If Rendelman does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Rendelman may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 8/2/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**